UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x    Case No. 14-10259(MG)

In Re:

FATOU N'DIAYE


------------------------------------------------------------x

NINTH AVENUE REALTY LLC

                Plaintiff

**ADVERSARY PROCEEDING COMPLAINT OBJECTING TO DISCHARGE OF DEBTS**

    v.

FATOU N'DIAYE

                Defendant

------------------------------------------------------------x

    NINTH AVENUE REALTY LLC, a recently-added creditor in the above-captioned bankruptcy case, by its attorneys, ROSE AND ROSE, hereby files this Complaint Objecting to Discharge of Debt pursuant to 11 USC 523(a)(2) and (6). This is a core proceeding pursuant to 28 USC 157(b)(2)(j). In support of this complaint, Plaintiff would show the Court as follows:

**BACKGROUND**

    1.    Plaintiff is the owner and landlord of the building located at and known as 401 West 43rd Street a/k/a 607-609 Ninth Avenue, New York, New York (the "Building"). Plaintiff is a limited liability company duly organized in and under the laws of the State of New York and has its principal office in Westchester County, New York State.

    2.    On May 20, 2005, Plaintiff entered into a written lease agreement with Coup De

Couer LLC(the "Tenant") for the rental of commercial space located at 609A Ninth Avenue within the Building. The lease was for a term of ten years as specified therein.

3.     Defendant was and is the sole officer of Coup De Couer LLC, and signed the lease as President of said entity.

4. D    efendant also entered into a written Guaranty Agreement on May 19, 2005 guaranteeing the Tenant's full and timely payment and full performance of its obligations pursuant to the lease.

5.     At the time Defendant made the guaranty agreement, Defendant represented that she had the ability and would continue to have the ability to guarantee the full performance of Tenant pursuant to the lease. Defendant knew at the time that said representation was false, and was made to deceive Plaintiff and induce Plaintiff to enter into the Lease with Tenant.

6.     Tenant failed to pay the rent pursuant to the lease.

7.     Defendant filed a Chapter 7 bankruptcy petition on February 5, 2014. Notably, Defendant did not list the Plaintiff as a Creditor on the Petition. As a result, Plaintiff never received a copy of the Petition.

8.     Plaintiff subsequently heard about the Defendant's bankruptcy. When Plaintiff questioned Defendant about the bankruptcy,  Defendant assured Plaintiff that the bankruptcy case did not affect Plaintiff and that she would pay Plaintiff pursuant to the written guaranty agreement. For example, on March 25, 2014, Defendant stated to Plaintiff's property manager that she would pay Plaintiff the rent arrears and"keep [the Plaintiff] out of the bankruptcy."

9.     Plaintiff was compelled to commence a summary nonpayment proceeding against the Tenant. On April 22, 2014, the Tenant vacated the Premises, thus obviating the summary nonpayment proceeding.    On information and belief, the Tenant has no assets. Therefore,

Plaintiff's only recourse is against the guarantor, the Defendant herein.

10. On or about April 30, 2014, Plaintiff received Amended Schedules amending Defendant's Bankruptcy Petition to include Plaintiff as a creditor and as an interested party in this case–just days before the deadline for objections to discharge. This was the first papers that Plaintiff received from the Bankruptcy Court, the Defendant or Defendant's attorney regarding this case.

11. Plaintiff filed this adversary complaint objecting to the discharge of the debts owed to to by Defendant under 11 USC 523(2)(A) and (6). The purpose of Section 523 of the Bankruptcy Code is to protect victims of fraud. Plaintiff is a victim of fraud.

12. Defendant's Statement of Financial Affairs indicates a pattern by the Defendant of fronting guaranty agreements for closely-held businesses with negligible assets, running these businesses as "bust-out operations" and failing to pay expenses such as rent, and then discharging her obligations as guarantor through bankruptcy. Defendant followed this modus operandi with respect to Plaintiff herein.

13. At the time Defendant entered into the written guaranty agreement with Plaintiff, Defendant had no intention of guaranteeing the obligations of the Tenant pursuant to the lease. Defendant's plan was from the beginning, to not pay rent, to vacate and dissolve the corporate tenant when eviction proceedings were commenced and to discharge her obligations as guarantor through bankruptcy–the same pattern that she has followed with respect to "Mon Amour Inc.", "Mon Amour 2 Inc" and Seydou Equities LLC, as shown in her Statement of Financial Affairs.

**COUNT I    NONDISCHARGEABILITY UNDER 11 USC 523(2)(a)**

14. Plaintiff repeats and realleges the allegations set forth in parageaphs 1 through 11 of this complaint as if set forth herein.

15. Bankruptcy Code 523(a)(2)(a) provides the following in pertinent part:

> (a) A discharge under section 727, 1141, 1228(a) 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt...
>
> (2) for money, property, services or an extension, renewal or refinancing of credit, to the extent obtained by...
>
> (A) False pretenses, a false representation or actual fraud, other than a statement representing the debtor's or an insider's financial condition.

16. The debt owed to Plaintiff is nondischargeable as it is a debt for money that was obtained by false pretenses, a false representation or actual fraud within the meaning of Bankruptcy Code 11 523(a)(2)(A).

**COUNT II NONDISCHARGEABILITY UNDER 11 USC 727(A)(3)**

17. Plaintiff repeats and realleges the allegations set forth in paragraph 1 through 14 as if fully set forth herein.

18. Bankruptcy Code 727(a)(3) states the following in pertinent part:

> (a) The court shall grant the debtor a discharge unless..
>
> (3) the debtor has concealed, destroyed, mutilated, falsified or failed to keep any recorded information, including books, records and papers from which the debtor's financial condition or business transactions might be ascertained unless such act or failure to act was justified under all of the circumstances of the case.

19. The Defendant in her operation of various businesses, including Coup De Couer LLC, operated these businesses as her alter egos, seeking to shield herself from personal liability while at the same time using funds of these businesses for personal purposes.

20. Defendant, in her operation of various businesses, including Coup De Couer LLC, concealed, destroyed, mutilated, falsified or failed to keep or preserved any recorded information, including books, documents, records, and papers from which the Debtor's financial condition or business transactions might be ascertained.

21.  By virtue of the foregoing, the Debtor's discharge should be denied under Bankruptcy Code 727(a)(3).

**COUNT III   OBJECTION TO DEBTORS DISCHARGE UNDER 11 USC 727(A)(4a)**

22.  Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 20 as if fully set forth herein.

23. Bankruptcy Code 11 USC 727 (a)(4(a) states the following in pertinent part:

> (a) The court shall grant debtor a discharge unless
> (4) the debtor knowingly and fraudulently in or connection with the case
> (A) made a false oath or account

24.  The Defendant knowingly and fraudulently in or in connection with this case, made a false oath or account in that she failed in her Schedules and Statement of Financial Affairs originally filed to include the Plaintiff or any reference to the guaranty agreement. Defendant clearly knew of the existence of this agreement; she was engaged in litigation through Coup De Couers nonpayment proceeding, and she represented to Plaintiff that she owed Plaintiff money and that the bankruptcy "would not affect" Plaintiff and would pay Plaintiff outside of the bankruptcy case. Plaintiff was prejudiced thereby, as Defendant amended her Schedules so as to curtail Plaintiff's time to object to discharge.

25.  By virtue of the Debtor's false representations and omissions and the oath she took concerning the veracity of her submissions, the Debtor's discharge should be denied under 11 USC 727(a)(4)(a).

WHEREFORE, Plaintiff respectfully requests that judgment be entered determining that the debts owed to Plaintiff by the Defendant is nondischargeable and with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
May 7, 2014

_____
Dean Dreiblatt (DMD 2818)
Yours, etc.,

ROSE & ROSE
Attorneys for Plaintiff

291 Broadway, 13th floor
New York, New York 10007
(212) 349-3366